Sean A. Monson (7261)
BENNETT TUELLER JOHNSON & DEERE
Attorneys for Plaintiff
3165 East Millrock Drive, Suite 500
Salt Lake City, Utah 84121
Telephone: (801) 438-2000
Facsimile: (801) 438-2050

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**

**CENTRAL DIVISION**

\* \* \* \* \* \* \*

| | |
|---|---|
| KING'S POND ENTERPRISES, LLC a Utah limited liability company, | |
| Plaintiff, | **COMPLAINT** |
| | **(Jury Trial Demanded)** |
| vs. | |
| JOEY BRITT, an individual d/b/a SOUTHERN COMFORT SWINGS, CO and SOCO SWINGS; JOHN DOES 1-10, | Case No. 2:17-cv-00295 |
| | Judge Brooke C. Wells |
| Defendants. | |

\* \* \* \* \* \* \*

Plaintiff, Kings Pond Enterprises, LLC, by and through its counsel, hereby complains against the above-named defendant, Joey Britt and alleges as follows:

**DESCRIPTION OF PARTIES**

1.  Plaintiff King's Pond Enterprises, LLC ("*King's Pond*") is a Utah limited liability

company with its principal place of business in the State of Utah.

2. The members of King's Pond are each citizens and residents of the State of Utah.

3. Upon information and belief, Defendant Joey Britt ("***Britt***"), is an individual residing in Tennessee.

4. Upon information and belief, Britt conducts business using the name Southern Comfort Swings, Co. or SoCo Swings ("***Southern Comfort***").

5. Upon information and belief, Southern Comfort has a website identifying Franklin, Tennessee as the business location of Southern Comfort.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over King's Pond's claims for trademark infringement and related claims pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over defendant since defendant has offered to sell and, upon information and belief, has sold products in the State of Utah in violation of 35 U.S.C. § 271.

8. This Court has supplemental jurisdiction over King's Pond's claims arising under the laws of the State of Utah pursuant to 28 U.S.C. § 1367(a) because these claims are so related to King's Pond's claims under federal law that they form part of the same case or controversy and derive from a common nucleus of operative fact.

9. Venue properly lies in this Court pursuant to 28 U.S.C. §§ 1391 because (a) the acts of infringement and other wrongful conduct alleged occurred in the District of Utah; and/or

2

(b) Britt has sufficient connection with the District of Utah to make venue proper in this district, all as alleged in this Complaint.

## GENERAL ALLEGATIONS
### King's Pond Business

10. King's Pond markets and sells leisure and recreational products including hammocks, hammock stands, and related equipment.

11. King's Pond sells its hammocks, hammock stands, and related equipment under the trademarked name Hammaka®.

12. King's Pond licensed the trademark Hammaka® with the United States patent and trademark office.

### The King's Pond Patent

13. King's Pond imports and sells vehicle hammock stands which incorporate a product design and specifications disclosed in United States Patent No. 7,073,857, dated July 11, 2006 (the "*Patent*").  A copy of the Patent is attached as Exhibit A.

14. The Patent was originally obtained by an entity known as Aspire Holdings, LLC ("*Aspire*").

15. In conjunction with the execution and performance of the parties under an Asset Purchase Agreement between Aspire and King's Pond, Aspire sold, granted, transferred and conveyed "all rights, title and interest in and to" the Patent on or about March 1, 2013.

16. The Patent describes "an apparatus to provide an overhead support for suspending

hanging furniture includes a base configured for attachment to a vehicle trailer hitch receiver. An upright member extends upwardly from the base and at least one support member extends outwardly from the upright member a sufficient distance to receive and suspend a hanging chair."

17.     King's Pond has sold thousands of products incorporating the Patent marketed as Hammaka® Trailer Hitch Stand.

## Britt Infringes the Patent

18.     Rather than expend the resources necessary to develop his own technology, Britt -- doing business as Southern Comfort -- has simply copied and used the intellectual property paid for by King's Pond to acquire the Patent and marketed and offered to sell in Utah a product infringing on the Patent.

19.     Specifically, Britt has marketed and sold a product called "The Parkway Hitch" which incorporates and embodies the invention reflected in the Patent and which infringes on King's Pond's rights under the Patent.  Britt, doing business as Southern Comfort, advertises the Parkway Hitch as follows:

> The Parkway Hitch is your ticket to the two best seats in the house. Simply drop this stand in the hitch and you'll have two sky rings suitable for hanging your Air Chairs, Love Seat, Deck Chairs, or Loungers. Back your vehicle up to the lake, beach or vista view and you have the perfect perch for fishing… or just sitting. This stand made of tubular steel and will support up to 500 pounds (250 pounds on each sky ring). Only available in black.

A copy of Southern Comfort's advertisement from its website regarding the Parkway Hitch is

4

attached as Exhibit B.

20. King's Pond has not authorized or consented to Britt's marketing and sale of the Parkway Hitch.

21. King's Pond has not licensed its rights under the Patent to Britt.

## FIRST CAUSE OF ACTION
**(Patent Infringement)**

22. King's Pond hereby incorporates by this reference the allegations set forth above as if fully set forth herein.

23. The Patent is entitled to protection from infringement under the 35 U.S.C. § 271.

24. Britt has marketed and sold, and continues to market and sell, products incorporating the invention described in the Patent.

25. Britt's conduct violates 35 U.S.C. § 271.

26. Upon information and belief, Britt has gained profits as a result of its infringing activities.

27. Britt's conduct and infringement of the Patent has been intentional, willful and without regard to King's Pond's rights.

28. Upon information and belief, Britt had prior knowledge of King's Pond's claim of right under the Patent in another dispute with a company of which Britt was an owner and Britt was aware of King's Pond's claims of right under the Patent.

29. As a proximate result of Britt's above-described willful conduct, King's Pond has

suffered damages including, but not limited to, consequential damages, and is entitled to recover all of Britt's profits from its actions detailed herein as well as all of King's Pond's costs and reasonable attorneys' fees associated with this action.

30. The above-described acts of Britt have caused and are continuing to cause irreparable injury to King's Pond, for which King's Pond has no adequate remedy at law, and Britt will continue to do so unless enjoined by this Court.

## SECOND CAUSE OF ACTION
### (Violation of the Utah Unfair Competition Act)

31. King's Pond incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

32. Britt's actions, as described above, constitute methods of unfair competition proscribed by the Utah Unfair Competition Act.

33. Britt's intentional actions, as described above, are unlawful, unfair, or fraudulent, have lead to a material diminution in the value of King's Pond's intellectual property, and involve the infringement of the Patent.

34. King's Pond is therefore entitled to injunctive relief barring Britt from engaging in unfair methods of competition against King's Pond.

35. Further, King's Pond has been damaged by Britt's unfair competition in an amount to be proven at trial. Pursuant to Utah Code Ann. § 13-5a-103, King's Pond is entitled to recover its actual damages, costs, attorneys' fees and punitive damages.

36. King's Pond is being irreparably harmed by Britt's actions, and King's Pond has no adequate remedy at law. King's Pond is therefore additionally entitled to injunctive relief barring Britt from engaging in further acts of unfair competition and unfair trade practices.

### THIRD CAUSE OF ACTION
#### (Violation of Utah Common Law Unfair Competition and Unfair Trade Practices)

37. King's Pond incorporates by reference the above paragraphs of the Complaint as if set forth fully herein.

38. To the extent that the Court determines that Utah statutory law does not apply to King's Pond's claims for unfair competition, King's Pond asserts an alternative claim under Utah state common law for unfair competition.

39. Britt's actions constitute unfair competition and unfair trade practices proscribed by the common law of the State of Utah.

40. Britt's acts of unfair competition and unfair trade practices, as described above, have caused damages to King's Pond, in an amount to be proven at trial.

41. King's Pond is being irreparably harmed by Britt's actions, and King's Pond has no adequate remedy at law. King's Pond is therefore additionally entitled to injunctive relief barring Britt from engaging in further acts of unfair competition and unfair trade practices.

### PRAYER FOR RELIEF

King's Pond prays for judgment against Britt as follows:

1. For general, compensatory and consequential damages resulting from, together

with all profits Britt made as a result of, its wrongful conduct.

2. For an accounting of money made by Britt by engaging in the unlawful conduct alleged in this Complaint.

3. For King's Pond's costs and attorney fees incurred in bringing this Complaint.

4. For such other relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

King's Pond demands a trial by jury of all issues triable by jury.

DATED this 17th day of April, 2017.

                BENNETT TUELLER JOHNSON & DEERE

                */s/ Sean A. Monson*

                Sean A. Monson
                Attorneys for King's Pond, LLC

Plaintiff's Address:
Salt Lake City, Utah